IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Robert A. Richmond : Civil Action No. 99-192E
    Plaintiff :
                                      **JURY TRIAL DEMANDED**

vs. :

Price, et.al. : McLaughlin, J.
    Defendants

## Plaintiff's Stipulation of Facts

Plaintiff, Robert Richmond, Pro se, offers the following stipulations of facts in support of his claims against the defendants and in a good faith effort to promote judicial economy by avoiding litigation of agreed upon facts. Pursuant to Local Rule 7.2, of the United States District Court for the Western District of Pennsylvania, Counsel may file a stipulation once, without approval of the court, extending the due date for the filing of an answer, or motion, for a period not exceeding 45 days from the due date. Within 30 days, the defendants by and through counsel may respond to the within stipulations, indicating separately as to each numbered statement of fact, whether they contest or do not contest the facts as initially proposed by the plaintiff herein, and stating all additional facts proposed to be proved by them at trial in opposition to, or in defense against the plaintiff's claims.

### STIPULATIONS

1. That on February 28, 1999, Plaintiff, Robert Richmond, was assigned to FD-Pod, Cell-15, at the State Correctional Institution at Greene.

2. That defendant's, hereinafter Correctional Officers or (C.O.'s) Wilkes, McElravy, and Bedilion were assigned to SCI-Greene on February 28, 1999.

3. That during all relevant timeframes of the alleged incident the plaintiff did remain inside his locked prison cell, with the exception of the wicket/slot door which was opened by the defendants during mealtime to deliver food.

4. That while receiving his evening meal from the defendants through the wicket/slot opening, defendant Wilkes did physically apply pressure on the wicket/slot door causing injury to plaintiff.

5. That during the aforementioned incident that defendants McElravy, and Bedilion did join officer Wilkes and did individually use force upon plaintiff to close the wicket/slot door on plaintiff's right arm, and hand causing injury.

6. That after continued pressure was applied to the wicket, plaintiff did pull his hand arm and hand back into his cell.

7. That plaintiff has sustained injuries which are not de minimus, and that he has continued to receive treatment to his injuries due to permanent neurological damage sustained on February 28, 1999, by the defendant's.

8. That plaintiff will authenticate and enter into evidence medical reports by Kamal R. Rastogi, M.D., a Nuerology Specialist, which will be proffered to demonstrate that plaintiff has received nerve block injections to alleviate severe and debilitating pain and numbness in his right hand on July 11, 2003, and April 4, 2004, and that plaintiff continues to suffer from his injuries.

9. That plaintiff will also proffer a medical report by Robert Baker, a Boaard Certified (EMG), of Metro Orthapedic Physical Therapy Inc., of an Electroneuromyographic Report performed on April 30, 2003, which will demonstrate plaintiff has sustained permanent damage to his right hand.

10. That on March 1, 2000, one day after the incident of Feb. 28, 1999, plaintiff was examined by Dr. Stanley Falor, a physician at SCI-Greene, who listed his injury as "Trauma", and prescribed anti-inflammatory medication for pain and swelling, and ordered plaintiff's bandages on his right hand be changed 3x times per day, for 5x days.

11. That to the date of these stipulations plaintiff has been placed on medical restriction at SCI-Greensburg where he is currently housed and that the plaintiff is medically prohibited from work and/or participating in any activities involving repetitive hand movements, and that plaintiff has been prescribed to wear a hand/wrist splint on his right hand.

12. That the defendant's were aware that during the use of force on 2/28/99, that the plaintiff could be injured.

13. That defendant McElravy did attempt to stop defendant's Wilkes and Bedilion from employing force upon plaintiff's right hand, wrist and arm. (See Admissions by McEleavy, at number 45, dated Feb. 4, 2000).

14. That defendant Wilkes has been previously sued and/or named as a defendant in a civil rights action by a prisoner, under 42 U.S.C. ¶ 1983, at Civil Action No. 724, of 1998, filed by inmate George Brooks-Bey.

15. That the defendants stated in response to Plaintiff's Request for the Production of Documents, dated April 27, 2000, at number 19, " they do not know when the Office of Professional Responsibility conducted an investigation regarding the incident of February 28, 1999.

16. That verified admisions by defendant Wilkes and McElravy contradict whether the Office of Professional Responsibility conducted an investigation at all regarding the 2/28/99 incident.

17. That the defendants responses to plaintiff's requests for discovery have been firmly resisted, and that the defendants have witheld essential documents including, but not limited to copies of all photographs taken of plaintiff's injuries, the Investigation Report prepared by the O.P.R., the Duty Roster of the R.H.U. for 2/28/99, a list of all inmates who were housed on FD-Pod on 2/28/99, and a copy of the DC-121, prepared by the Shift Commander, Captain Roach, regarding the 2/28/99 incident.

18. That plaintiff will submit as evidence the defendant's responses to Admissions and Interrogatories currently not on file with the Court to establish essential elements in of his case and issues already in dispute.

19. That the plaintiff's proposed witnesses' will provide sworn testimony at trial to establish that despite Richmond's cries for help, and screams of pain, that the defendant's willfully continued to apply force maliciously and sadistically to cause harm. and not in a good-faith effort to maintain order or restore discipline.

20. That the plaintiff requests that a Settlement Conference be arranged pursuant to Federal Rules of Civil Procedure, Rule 16 (c)(9), in addition to or in the alternative of the appointment of counsel to represent him at trial in accordance with 28 U.S.C. ¶ 1915 (e)(1).

Respectfully submitted,

Robert Richmond, Pro se
Plaintiff

VERIFICATION

I, Robert Richmond, plaintiff, do hereby certify that the within is true and correct, subject to the penalty of perjury in accordance with 28 U.S.C. ¶ 1746.

Date. Nov. 28, 2005                   By
                                         Robert Richmond