IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT A. RICHMOND, SR )
 )
   Plaintiff, )
 )
 )
V. ) Civil Action No. 99-192E
 )
 )
JAMES S. PRICE, et al., )
 )
   Defendant. )

## PROPOSED INSTRUCTIONS TO THE JURY

Members of the Jury:

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case. Along with the exhibits, you will have a copy of these instructions with you when you deliberate.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

It is a principle of our system of justice that all persons stand equal before the law. You know that the Plaintiff is incarcerated. Even though he is incarcerated, he retains certain constitutional rights, as I will explain to you. You must not let your decision be influenced solely by the facts that he has previously been convicted of criminal conduct and is incarcerated.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in this case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. Also, any statement I may have made relevant to the facts should have no bearing on your own factual determinations.

In the final analysis, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say or what I say about the facts is not binding upon you. In addition, just because you wrote it down does not make it so. Your independent recollection always takes preference over notes.

The evidence in this case is of two different types. On the one hand, there is direct evidence

which is testimony by a witness from his or her own personal knowledge, something he or she saw or heard himself or herself.

The other type of evidence is circumstantial evidence, which comes from testimony concerning facts which logically point to the existence of other facts also in question. Both types of evidence are equally admissible and competent. Whether or not circumstantial evidence is proof of other facts in question depends largely on the application of common sense. In deciding whether to accept circumstantial evidence as proof of facts in question, you must be satisfied first, that the facts from which you are inferring other facts are accurate and, second, that the existence of those accurate facts leads to the reasonable and logical conclusion that other facts in question also happened.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Remember, circumstantial evidence is more than speculation, opinions and/or beliefs. Unlike speculation, opinions and/or beliefs, circumstantial evidence is based on facts which logically and reasonably lead to the existence of other facts in question. The law makes no distinction between the weight to be given either direct or circumstantial evidence. One is not necessarily more valuable or less valuable than the other.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

In this case several corrections officers have testified as witnesses. A corrections officer who takes the witness stand subjects his testimony to the same examination and tests that any other witness does and you should not believe or disbelieve a witness merely because he is a corrections officer. His or her testimony should be weighed just like any other witness.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence with tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

You are not required to accept any testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, because of the inherent improbability of his testimony, or because of other reasons sufficient to you, that such testimony is not worthy of belief.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons

witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood. If you decide that a witness who testified during the trial testified falsely about a material point, you may for that reason alone choose to disbelieve the rest of his/her testimony. But you are not required to do so. You should consider not only the deliberate falsehood but also all other factors bearing on the witness's credibility in deciding whether to believe other parts of his/her testimony.

Also, in this case, both the Plaintiff and the Defendants testified before you. In considering their testimony, you are to follow the general instructions I gave you for judging the credibility of any witness. You should not disbelieve the testimony of the Plaintiff or the Defendants merely because they are parties to this lawsuit. You may take their interests into account, just as you would the interest of any other witness, along with all other facts and circumstances bearing on credibility, in making up your minds what weight their testimony deserves.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses or just one witness as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The mere fact that an individual comes into court seeking an award of money damages does

not automatically entitle the individual to those damages. Before a person is entitled to recover, he must prove certain things.

In a civil action such as this, the party asserting a claim, as hereafter described, has the burden of proving every essential element of her claim by a "preponderance of the evidence." To establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

Picture in your minds a balance – the Plaintiff must put forth enough evidence that, when weighed against the evidence put forth by the Defendants, the balance tilts in the Plaintiff's favor. If the evidence weighs more heavily in favor of the Defendants in the case, or even if it weighs equally as between the Plaintiff and the Defendants on any element of the case, then the Plaintiff has not met her burden of proof, and you must return a verdict in favor of the Defendants.

There are multiple Defendants in this action. It does not necessarily follow that, if one is liable, then the others are liable. Each Defendant is entitled to a fair consideration of his own defense and is not to be prejudiced by the fact, if it should become a fact, that you find against any of the other Defendants. To be held liable for violating any civil rights, a Defendant must have been personally involved in wrongful conduct.

## SUBSTANTIVE LAW OF THIS CASE

1) Section 1983 Generally

Plaintiff filed this lawsuit under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983. Under § 1983, the burden is on the plaintiff to prove every essential element of his claim by a

6

preponderance of the evidence. To establish his claim in this case, plaintiff must establish each of the following three elements: first, that the conduct complained of was committed by the defendants while acting under color of state law; second, that this conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution; and third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by him.

You are instructed that the first element is satisfied. The defendants actions whatever you determine them to be were conducted under color of state law.

The second element is satisfied only if the Plaintiff proves by a preponderance of the evidence that he was deprived of a federal right by the defendants. The third element is satisfied only if the plaintiff proves by a preponderance of the evidence that the defendant's actions were the cause of the injury. In determining the question of causation, you should decide whether the defendants' wrongful conduct was a substantial factor in the resulting harm. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

2. Eighth Amendment

The legal claim in this case is that the Defendants, while acting under color of state law, that is, in their capacities as employees of the Pennsylvania Department of Corrections, violated the Plaintiff's constitutional rights under the Eighth Amendment to the United States Constitution. The Eighth Amendment protects individuals against the infliction of "cruel and unusual punishments." This protection, enforced against the states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement.

The Eighth Amendment standards also protect inmates against the application of

excessive force by correctional officers. This is the claim presented by the Plaintiff in the instant action. In an excessive force claim, the core inquiry is whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. "Maliciously" means intentionally injuring another without just cause or reason. "Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.

A prisoner making a claim of excessive force must prove that a defendant used force that was unnecessary and they did so maliciously or sadistically for the very purpose of causing harm. A defendant can prevail if he shows that he used force in a good faith effort to restore order, security or discipline. Factors relevant to this inquiry include: 1) the need for application of force; 2) the relationship between that need and the amount of force used; 3) the extent of the injury inflicted; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of a forceful response. There is no fixed minimum quantum of injury that a prisoner must prove he suffered through either objective or independent evidence in order to state a claim for excessive force. A prisoner can suffer excessive force if the force was inflicted in a manner that resulted in injuries that were de minimis; there is no requirement for an externally observable injury. If you find the Plaintiff suffered only de minimis injuries but find that the force used was excessive, you should find for the Plaintiff. However, if you find that the force used by the Defendants was de minimis then you may find for the Defendants so long as the de minimis use of force is not the sort of force that is repugnant to the conscience of mankind because not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In other words, "excessive force claims can be frivolous."

8

Prison officials are permitted to use force when necessary to maintain or restore discipline, but they may not use force maliciously or sadistically to cause harm. You are instructed that even minor prison disruptions require prison officials to make quick decisions that balance the need to maintain order against the risk of harm from the use of force. A prison "has a legitimate interest in having inmates obey orders." Thus, you must determine whether the force in this case was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.

Thus, if you find that the Plaintiff has proven that the force used against him was unnecessary and employed only to cause harm, then you should find in favor of the Plaintiff against those defendants, if any who used excessive force. If you find that the Defendants or either of them used force in a good faith manner to restore order, security, or discipline, then you should find in favor of those Defendants that used force in a good faith manner to restore order. Remember, to be held liable for violating any civil rights, a Defendant must have been personally involved in the wrongful conduct.

In this case there are two defendants and you must determine whether any or all of them are liable to the plaintiffs. In this connection, you should determine whether the officers acted jointly with and/or assisted each other. Where two or more persons act together and cause a wrong to another, they incur a joint liability for the acts of each other. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiffs in a

total sum as damages. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even if it is a tacit one.

## DAMAGES

The fact that I am instructing you on damages does not mean that I favor a verdict for Plaintiff. Before you consider damages, you must find that the Plaintiff has proven his claim by a preponderance of the evidence. If you find that none of the defendants are liable to the Plaintiff, then you need not even consider the question of damages. However, If you find that the Plaintiff was subjected to excessive force by the Defendants, then he is entitled to compensatory damages for physical and emotional pain and suffering with respect to any physical injury he suffered as a result of these actions. A prisoner may not be compensated for mental or emotional injury suffered while in custody without a showing of physical injury. No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these elements of damages. The damages that you award must be fair compensation -- no more or no less. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only that evidence. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants.

The purpose of compensatory damages for deprivation of civil rights is to compensate a person for injuries caused by the deprivation. The amount of compensatory damages that may be

awarded to Plaintiff must be limited solely to the injury sustained as a direct result of the specific Defendants' actions and not for any injury or condition that Plaintiff suffered from prior or subsequent to his encounter with each of the Defendants or from his own actions.

The burden is on the Plaintiff to prove by a preponderance of the evidence that he has suffered actual damages. Damages that have not been proven by a preponderance of the evidence may not be awarded. If you return a verdict for the Plaintiff but find that he has failed to prove by a preponderance of the evidence that he suffered any actual damages, then instead of awarding compensatory damages, you must return an award of nominal damages not to exceed the sum of one dollar. Nominal damages must be awarded if you find that the Plaintiff has been subjected to cruel and unusual punishment but has suffered no actual damage as a consequence of that action.

The third type of damages that you may consider in this action are known as "punitive damages." Punitive damages are an award of money to the Plaintiff, which has as its purpose to punish a defendant for extraordinary misconduct and to deter a defendant from repeating such conduct and in addition to serve as a warning to others and to prevent others from committing such conduct. If you find that a Defendant is liable for violating the Plaintiff's rights, then you may, but you do not have to, award punitive damages. You may only award punitive damages only if the Plaintiff proves by a preponderance of the evidence that the Defendant's conduct was "recklessly and callously indifferent" to the Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. However, even if the Plaintiff proves by a preponderance of the evidence that the Defendants' conduct was recklessly and callously indifferent to the Plaintiff's Eighth Amendment rights, you are still not required to award punitive damages, you must also determine whether the Defendant's conduct is of the sort that calls for deterrence and

11

punishment. If you find that the Plaintiff has proven by a preponderance of the evidence that a Defendant was recklessly and callously indifferent to his Eighth Amendment rights and also that the Defendant's conduct was of the sort that calls for deterrence and punishment, then you may decide to award punitive damages. Punitive damages may be awarded even if the violation of Mr. Muse's rights resulted only in nominal damages. In determining the amount of those puntive damages, you should take into consideration all of the circumstances surrounding the particular occurrence, including the nature of the wrongdoing, the extent of the harm inflicted, the intent of the Defendant and the wealth or lack of wealth of the Defendant. Punitive damages must be considered with respect to each Defendant individually and based upon that Defendant's individual actions.

The prohibition against awarding a prisoner compensatory damages for mental and emotional injuries, in the absence of a physical injury, is inapplicable to awards of nominal or punitive damages.

If and only if you have determined that compensatory damages should be awarded to the plaintiff, you must also decide whether to award interest. This lawsuit was begun 4 years ago, and you may award interest on the sum which you have decided is an appropriate compensatory damage award, from that time to the present. Whether you do award interest should depend upon whether you conclude that interest is necessary to compensate the plaintiff fully for any injury suffered, bearing in mind that the plaintiff has not had the use of the damages you award during the time this litigation has been pending. If you do award interest, the actual sum will be computed by the clerk at the rate provided by law.

You are further instructed that if the Plaintiff wins on his claim, he may be entitled to an

award of attorney's fees and costs over and above what you award as damages. It is my duty to decide the award of attorney's fees and costs after the trial. Therefore, attorney's fees should play no part in your calculation of any damages.

Again, the fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to prevail in this case. Instructions as to the measure of damages are given for your guidance in the event you find from the evidence in favor of the Plaintiff and not otherwise.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges -- judges of the facts. your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

[EXPLAIN VERDICT FORM]

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.  If during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the clerk who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.