U.S. District Court
Western District of Pennsylvania

Robert A. Richmond ) Civil Action

v. ) No. 99-192 Erie

C.O. Unikes, et. Al. ) McLaughlin, J.

### Motion Under Rule 50(b) & Plaintiff's Motion For New Trial and/or to Alter or Amend Judgement

And now comes Plaintiff, Pro se, Robert Richmond, and files the within pursuant to Rule 59(b), of the Federal Rules of Civil Procedure, Federal Rules of Evidence, and law and states:

### Background of the Case

This is a civil Rights case filed in 1999 in accordance with 42 USC § 1983 by the Plaintiff who alleged the defendants violated his Rights of the U.S. Constitution Eighth Amend for Excessive Force and Cruel and unusual punishment when they without provocation slammed the hatchway of his cell door numerous times on his Right arm, wrist, and hand causing injury.

All of the Plaintiff's claims were initially dismissed by the District Court by Summary Judgement on January 9, 2001. The plaintiff appealed, and the U.S. Court of Appeals for the Third Circut At No. 01-1284, submitted under Third Circut LAR 34.1(A) Feb. 3, 2003, entered Judgement that the Judgement of the District Court was affirmed in part and vacated in part, and the matter was remanded to the District Court for further proceedings.

2

Dated June 12, 2003 By Chief Judge SCIRICA, FUENTES and SMITH, Circut Judges.

The only remaining claim is the plaintiff's claim of excessive force against three defendants, Correctional officer's Wilkes, McElrany, Bedilion. September 9, 2003, the Court Re-opened discovery until September 30, 2003, for the limited purpose of deposing plaintiff on the exhaustion issue with leave to file a motion for summary judgement on the exhaustion issue if it is appropriate by October 31, 2003. On September 29, 2003, the plaintiff was deposed by defendants counsel, and on October 2, 2003, counsel informed the Court he would not be filing a summary judgement motion on this issue.

### FACTS

By order of the Court dated October 16, 2003, the matter was set for a pretrial conference on Nov. 25, 2003, and on Nov. 26, 2003 the matter was set for jury selection and trial on December 16, 2003. Corresponding writs of habeas corpus were issued for the plaintiff and (3) witnesses. On November 19, 2003, the plaintiff was temporarily transferred to SCI-Albion to prepare for trial. December 9, 2003, the plaintiff's witness, inmate Christopher Kaminski was transferred to SCI-Albion in preparation for plaintiff's trial. H/A Pod at SCI-Albion *

* Note   SCI-Albion is defendant Wilkes present place of employment, and defendant Wilkes' wife (Joyce Wilkes) is the facility Deputy Warden / Superintendent of Centralized Services.

On December 10, 2003, the plaintiff avers he witnessed several (unnamed) corrections officers enter the cell of inmate Kaminski there to provide testimony on behalf of plaintiff. Plaintiff alleges the C.O.'s assaulted him, causing injury and constitutes witness intimidation, obstruction of justice. On Dec. 11, 2003, without ever being permitted to confer with his proposed witness plaintiff avers inmate Kaminski was returned to his parent institution at SCI-Somerset. Once at Somerset Kaminski immediately notified Somerset officials and filed a written complaint detailing the assault by SCI-Albion officials, including denial of his dietary requirements and medicines (he is a diabetic) while housed at SCI-Albion fm. 12/9/03 - 12/11/03. Kaminski is approximately 54 yrs. of age and his health can be characterized as poor. A copy of his complaint was mailed to SCI-Albion and various other agencies within the Dept. of Corrections without action and on May 19, 2004 a copy was date-time stamped received by the U.S. District Court for the Western District of Pennsylvania.

Prior to the aforementioned, on Nov. 25, 2003, the record reveals a pretrial conference was held wherein plaintiff raised the issue and notified the Court he was being retaliated against by the defendants and/or their agents at SCI-Albion. Richmond then alleged the retaliations ranged from denial of access to the legal library to being denied to confer with his witnesses in preparation for trial. No action was taken by the Court, and despite filing an inmate grievance, the issue was ignored. See Attch. Inmate Grievance and DC-135A inmate Requests.

On December 11, 2003, due to the unavailability of defendant Wilkes a motion to continue and stay proceedings was filed, and on December 15, 2003, the case was closed.

4

By order of the Court dated October 21, 2005, the case was reopened. On Nov. 3, 2005, a telephonic status conference was scheduled for Nov. 30, 2005. On Nov. 28, 2005, plaintiff filed a Stipulation of Facts with the Court in accordance with Fed. Rules Civil Procedure, and Local Rule, L.R. 7.2, of the U.S. District Court for the Western District of Pennsylvania. See Docket Entries, not enclosed.

During the Telephonic Status Conference (which was stenographically recorded) plaintiff again requested the Court to appoint counsel, stating his inability as pro se counsel to take depositions, or otherwise effectively manage the presentation of his evidence at trial. Plaintiff's request for counsel was again denied by the District Court. (See Transcripts 11/30/05).

On January 17, 2006, the Court conducted a telephonic Pretrial Conference and Jury Trial was scheduled to begin on March 13, 2006. As pro se counsel, plaintiff, requested an Independent Medical Examination of his injuries in accordance with Local Rule L.R. 35.1. The District Court denied plaintiff's request. Regarding plaintiff's inquiry as to Expert Testimony the Court stated the trial would be exclusively as to liability only [sic] and that there would be no need to have a Prison Doctor to come in to establish [sic] that the plaintiff is in fact injured. (See. N.T. 11/30/05)

Regarding Plaintiff's Stipulation of Facts filed on Nov 28, 2005. The defendant's failed to submit any materials contradicting plaintiff's Stipulations. By law he avers, those stipulations are deemed Admitted. However, the Court stated that the "defendants are not bound by any stipulations as they did not [sic] agree on any stipulated facts. (See Transcripts 1/17/06)

5

Our Federal Statutes hold that a Pretrial Stipulation is an admission which cannot be disregarded or set aside at will. Further, a pretrial stipulation is analogous to a pretrial order under Rule 16, Fed. R. Civ. P., which can be modified subsequently, "only to prevent manifest injustice". Thus, the fact of Richmond's injury, the official position of the individual defendants and their exclusive custody of Richmond were not an issue by law.

The district court erred as a matter of law by not holding defendants to Stipulations made by plaintiff under Local Rule 7.2 and Rule 56 Summary Judgement. If the Commonwealth's defendants dispute Richmond's proposed Stipulation of Facts as filed, counsel must refer specifically to the disputed facts and submit evidentiary materials which provide a basis for dispute. No such dispute exists on the certified record. The National Rules themselves entitle parties to insist that their adversaries stipulate (technically "admit") to facts that they cannot reasonably dispute. Fed. R. Civ. P., Rule 36 cf. Rule 16(c), Rule 36(A).

Throughout the litigation plaintiff notified district court regarding retaliations against him as pro se counsel while at SCI-Albion including inability to confer with his witnesses in preparation for trial; denial of access to the prison's law library, and the Dec. 10, 2003 witness intimidation obstruction of justice via assault on inmate Christopher Kaminski, to dissuade him from testifying on behalf of the plaintiff. No action was taken. (See Correspondence from Witness Kaminski received May 19, 2004; Plaintiff's correspondence to district court dated Nov. 1, 2005 and Feb. 4, 2006). (Attached)

On or about March 2, 2006, the district court conducted a final telephonic pretrial conference wherein plaintiff again requested to be housed at another Dept. of Corrections facility in lieu of SCI-Albion for both reasons of personal safety, access to resources, materials and to confer with his witnesses in preparation for trial as well as previous retaliations (documented) while at SCI-Albion. No action was taken by the district court and the plaintiff avers he was left to fend for himself and despite his tangible concerns he was nontheless transported to SCI-Albion on March 7, 2006. He avers he was then immediately retaliated against due to the pending trial wherein officials denied plaintiff to confer with inmate Ferrell to prepare his case; and from Mar. 7 - Mar. 12th 2006, he was only permitted (1) visit to the legal library for approximately 1 1/2 hrs. to confer with inmate Kaminski, or otherwise prepare for trial. This occurred the day prior to Jury Selection on March 13, 2006.

At no time was plaintiff provided access to confer with his other witness, inmate Bruce Ferrell until the day of his testimony on March 13, 2006. The district court during sidebar of voir dire stated [sic] he would see to it that plaintiff be permitted to confer with his witness during a recess of Jury Selection (See N.T. at sidebar 3/13/06).

Plaintiff contends he also hand delivered a letter to the Court on 3/13/06 prior to Jury Selection dated March 9, 2006 detailing the within retaliations which he avers severely hindered him as pro se counsel to prepare his case and his unsuccessful efforts to secure counsel on his own to manage the presentation of his evidence. He proposed the court to appoint Arthur D. Martinucci, Esq. of the Quinn Law Firm, Erie, PA. as counsel. No action was taken by the district court regarding plaintiff's correspondence dated March, 9, 2006.

## Questions Presented For Review

A. Was the jury's verdict against the clear weight of the evidence?

Suggested Response: Yes

B. Did the court commit a legal error by improperly permitting and/or rejecting evidence/testimony at trial?

Suggested Response: Yes

C. Were there other legal errors throughout the Trial which separately and collectively constitute more than harmless error?

Suggested Response: Yes

## Argument

A. Plaintiff avers the certified record will demonstrate the factfinder's verdict is against the "clear" or "great" weight of the evidence, and a new trial is therefore necessary to prevent a miscarriage of justice. Manley v. Ambase Corp., 337 F.3d 237 (2nd Cir. 2003); Littlewind v. Rayl, 839 F. Supp. 1369, 1376 (D.N.D. 1993) (granting new trial to prisoner plaintiff).

Richmond contends the evidence at trial he presented was sufficient to support each element of the plaintiff's case, and the evidence is not contradicted during the defendant's case. Therefore, he avers he is entitled to a new trial under Rule 59, or in the alternative judgement as a matter of law pursuant to Rule 50, Federal Rules of Civil Procedure.

The uncontradicted evidence at trial demonstrated that on Feb. 28, 1999 (the day of the incident) the plaintiff was injured, and that his injuries are not de minimus. It is undisputed that during all relevant timeframes the plaintiff remained inside his locked prison cell. It is clear from the record that plaintiff's injuries were not self inflicted. Evidence also showed the (3) defendant's did use force upon plaintiff. Our Courts have held the verdict however, must be supported by substantial evidence; a mere scintilla is not enough. Plaintiff avers the jury's verdict lacks factual support in the record and "where the verdict returned by a jury is palpably and grossly inadequate or excessive it should not be permitted to stand" 868 F.2d 162. At the onset of plaintiff's case in chief, he alleges he established the objective element of his Eighth Amendment claim, therefore, the only remaining issue for the jury was the subjective element i.e. whether the defendant's acted in good-faith or whether they acted maliciously and sadistically to cause harm. No one contested the objective element of Richmond's Eighth Amend. claim, and indeed there can be no question that the beating Richmond described was more than de minimus. Under Rule 59 (d) The court may grant a new trial entirely on its own initiative or for a reason

not stated in the moving papers that a party could have permissibly requested by motion. See Payer v. C.O. 3 Slavic, 251 F.3d 448, 453 (3rd Cir. 2001) (noting principal, and ruling that new trial may be granted where verdict is against the great weight of the evidence).

B. During the pretrial phase plaintiff submitted a Stipulation of Facts in accordance with the Local Rules of Court, Rule 7.2, of the U.S. District Court for the Western District of PA., on November 28, 2003. When the plaintiff inquired regarding the stipulations in which the defendants failed to submit any materials contradicting same the district court stated "the defendants are not bound by any stipulations as they did not agree on any stipulated facts" (See Transcripts dated 1/17/06) A stipulation is an "admission which cannot be disregarded or set aside at will" Wheeler, 935 F.2d 1090; Waldorf, 878 F. Supp. 686, 142 F.3d 601 (3rd Cir. N.J. 1998) A pretrial stipulation is analogous to a pretrial order under Rule 16 Fed. R. Civ. P. He avers defendants did not dispute his stipulations and submit evidentiary materials which provide a basis for their dispute, And by law those facts are deemed to be admitted. Therefore, plaintiff alleges he was entitled to Summary Judgement on the issue of liability of defendant's and trial should be only regarding damages. See Hagelin, 25 F.3d 956; Munoz, 563 F.2d 205

Prior to the start of Plaintiff's case in chief he avers he submitted a motion in liminie to the district court to preclude defendants from introducing at trial certain prejudicial evidence.

10

The plaintiff's motion was granted in part, and denied in part. The following documents are at issue

1) "Misconduct Report" No. A149874, Parts I, II, prepared by COI Gregory Wilkes who was directly involved in the incident of Feb. 28, 1999.

While the district court excluded the defendants from introducing any evidence of prior disciplinary proceedings. Richmond argues that the above misconduct is inadmissible hearsay and would/did encroach upon the jury's fact finding role by revealing that a state official has already determined the ultimate question at issue: that is, whether the defendants acted properly. The district court ruled that the misconduct report dated 2-28-99 by corrections officer (defendant) Wilkes could be used as evidence. See (N.T 3/13/06 Motion in Liminie).

The report is governed by Rule 803(6) of the Federal Rules of Evidence. Plaintiff avers incident reports such as the one at issue do not constitute "business records" Lewis v. Velez, 149 F.R.D. at 486 See Bracey v. Herringa, 466 F.2d at 704 (corrections officers' reports of prisoner beatings do not fit Rule 803(6) exception). cf. Palmer v. Hoffman, 318 U.S. 109, 113 63 S.Ct. 477, 480 (1943), seminal case on the trustworthiness requirements for business records. Richmond avers hearsay is not admissible under Rule 803(6) where reliability of the materials in question is undermined. Where reports of inmate beatings show a lack of reliability and trustworthiness due to the self-interest of the correction officers responsible for the records, such records are inadmissible. Bracey Id.
See Attached Misconduct Report by Officer (defendant) Wilkes.

11

As in Lewis v. Velez, supra. Plaintiff avers self-interest functions strongly in the case at hand, where corrections officers involved could be subject to disciplinary action, including dismissal, for using excessive force and could furthermore, be brought up on criminal charges does not diminish the motives that undermine the trustworthiness of such reports, therefore, he avers it was a legal error by the district court to permit the report to be used as evidence.

Although the plaintiff barely used this report during his case in chief, he alleges the misconduct report was the primary piece of evidence used in the defendant's case in chief. Counsels' otherwise sparse defense consisted of whether or not officer Wilkes stood by the report he prepared as to its accuracy. (See N.T. Direct Exam by Counselor Marnvich of Officer Wilkes dated 3/14/06). From the record it appears absent the misconduct report the Commonwealth's Counsel defense was a mere scintilla as opposed to plaintiff's undisputed physical facts. He alleges the Court's duty is especially important when confronted with pro se litigants). Waters v. Young, 100 F.3d 1437, 1441 (9th Cir. 1996)

During the plaintiff's case in chief, Richmond sought to introduce evidence and testimony from inmate Christopher Kaminski who was an eyewitness to the incident of 28 Feb. 1999. In December 2003, when the case was initially scheduled for trial, Kaminski and plaintiff were transferred to the State Correctional Institution (SCI) at Albion, Pa. to prepare for trial. (See Attch. Order dated Nov. 26, 2003)

While housed at SCI-Albion in preparation for trial on Dec. 16, 2003, plaintiff avered he sought to demonstrate that inmate Kaminski was assaulted by unnamed uniformed officials at SCI-Albion on Dec. 10, 2003, in retaliation for his upcoming testimony on behalf of plaintiff, and that the assault was conspired to on behalf of defendants to coerce and dissuade inmate Kaminski from testifying. Kaminski was thereafter returned to SCI-Somerset on Dec. 11, 2003 wherein he immediately notified prison officials and filed a formal complaint in writing. A copy of the complaint was filed in the district court on May 19, 2004 (See Attach.)

The district court on Mar. 14, 2006, during sidebar (See N.T.) excluded plaintiff from presenting this evidence to the jury, finding it was "irrelevant". Plaintiff avers throughout the litigation he clearly demonstrated sufficient allegations for pleading purposes regarding retaliatory conduct coercion, witness intimidation by defendants and/or their agents to merit action. However, he avers no action was taken and despite the retaliatory conduct in violation of his Constitutional Rights under the First and Fourteenth Amendments, plaintiff was again sent to SCI-Albion on Mar. 7, 2006, in preparation for trial. While at SCI-Albion plaintiff was denied access to confer with his witnesses or to use the prison's law library with the exception of 1½ hrs. the day prior to trial on Mar. 12, 2006.

He avers the district court was notified of same and of plaintiff's inability through no fault of his own to try a case due to not having an opportunity to confer with his witnesses or utilize the prison's law library and that he had no legal training or litigation experience concerning witnesses, cross-examination or the presentation of his evidence. These factors he aver should have weighed heavily in favor of the appointment of counsel per. 28 U.S.C. § 1915. No action was taken he avers.

## Argument

C. Plaintiff avers there were other errors of law during the trial that constitute more than harmless error and entitle him to relief under Federal Statutes.

Richmond alleges that the special interrogatories submitted to the jury inaccurately framed the issues to be resolved. Plaintiff alleged his right hand was injured when guards (3) without provocation slammed his hand, wrist and arm using the wicket slot door as a weapon, and for the sole purpose of causing harm. Defendants testified they used force but that his injuries were self-inflicted by failing to release officer Wilkes, or put his hands inside of his cell when ordered to do so. There was a dispute as to whether all (3) of the officers actively participated in the use of force, but it was undisputed that plaintiff was injured on 2/28/99, or that the plaintiff to date still receives treatment for injury to his right hand.

He avers the district court abused its discretion by failing to instruct jury on defendant's failure to protect him and that the interrogatories submitted to the jury were too vague and thereby misled the jurors as plaintiff had already met the objective element of an Eighth Amend. Excessive Force claim, so the only remaining issue regarding liability was the subjective component. "See, <u>Weeks v. Angelone</u>, 120 S. Ct. 727 (U.S. Va. 2000) we must presume that juries follow their instructions". <u>Cummings v. Malone</u>, 995 F.2d 817 (8th Cir. 1993) Jury Instructions on 8th Amend. Liability were inadequate. cF <u>Cowans v. Wyrick</u> 862 F.2d 697, 700 (8th Cir. 1989) "the extent of injury inflicted is not just something a jury may

14

consider, it is a relevant factor as to whether or not the punishment inflicted was cruel and unusual." In cases where injury has been at issue, an appropriate injury instruction has been given, asking whether the defendant's conduct was the proximate cause of injury to the plaintiff. See Pryer v. C.O. 3 Slavic, 251 F.3d 448 (3rd Cir. 2001)

Richmond also alleges the district court abused its discretion and committed a legal error by failing to give the jury instructions on nominal damages.

Richmond further avers the jury should have been told that prison officials failure to produce videotape of incident could support an inference that it would have helped prisoner's case, and was not a harmless error See McCrary-El v. Shaw, 992 F.2d 809 (8th Cir 1993)

He avers the interrogatories submitted to the jury consisted of (1) question to each of the (3) defendants and misfocused the constitutional inquiry and were doomed to confuse the jury, particularly when read against the backdrop of the accompanying charge. See Romano v. Howarth, 998 F.2d 101 (2nd Cir. 1993). Reversed & Remanded for new trial.

## Conclusion

WHEREFORE, Based on the foregoing facts and law petitioner prays that the Honorable Court grant his request for relief as deemed appropriate.

Dated: March 24, 2006

Respectfully submitted,

[signature]

Plaintiff, Pro se

## Proof Of Service

I, Robert Richmond, Plaintiff, do hereby certify I have served a correct copy of the within to the person(s) and in the manner indicated First Class, U.S. Mail, postage prepaid, (institutional) Addressed to:

Prothonotary/Clerk
U.S. District Court
17 South Park Row
Erie, Pa. 16507   w/ Encl. (T)

Craig Maravich, Esq.
Atty. General's Office
6th Fl. Manor Complex
564 Forbes Ave.
Pittsburgh, PA 15219

Date March 24, 2006   By _____
                         Plaintiff