IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT A. RICHMOND,                )
                    Plaintiff      )
                                   )
        v.                         ) CIVIL ACTION NO. 99-192 Erie
                                   )
PRICE, SUPERINTENDENT, et. al.     )
                    Defendants     )

## O R D E R

AND NOW, this 26ᵗ day of November, 2003,

IT IS ORDERED that the matter be set for jury selection and trial on December 16, 2003,

at 9:00 a.m., before the undersigned United States District Judge, Courtroom C, United States

Courthouse, Erie, Pennsylvania,

IT IS FURTHER ORDERED that the Clerk of Court issue writs of habeas corpus to the

Superintendents for SCI Greensburg, S.C.I. Camp Hill and S.C.I. Dallas for the production of

Christopher Kaminiski DT-8055, W. Ferrell EC-7373 and Dennis McKethan BB-2253 as well as

the plaintiff Robert A Richmond to be present for the jury selection and trial on the above date;

the plaintiff and witnesses shall then be returned to his designated institution upon completion of

the proceedings.

        All costs to be borne in conformity with the determination in Story v. Robinson,
689 F.2d 1176 (3d Cir. 1982) and Garland v. Sullivan, 737 F.2d 1283 (3d Cir. 1984), affirmed,
sub nom., Bureau of Corrections v. U.S. Marshal Service, 54 L.W. 4001 (1985).

                                    _____
                                    Sean J. McLaughlin
                                    United States District Judge

cc:    Robert A. Richmond, DB- 7852
       Rod Torbic, Esq., Craig Maravich, Esq.
       U. S. Marshal
       Superintendent, S.C.I. Greensburg
       Superintendent, S.C.I. Albion
       Superintendent S.C.I. Greene
       Superintendent S.C.I. Camp Hill
       Superintendent S.C.I. Dallas

DC-ADM 804, Inmate Grievance System                                      **Attachment C**
DC-804                                                          **COMMONWEALTH OF PENNSYLVANIA**
Part 3                                                              **Department of Corrections**
                                                                              **SCI-Albion**

*Attachment 2 of 7*

**DATE:**        <u>December 23, 2003</u>

**SUBJECT:**    **GRIEVANCE REJECTION FORM**

┌─────────────────────────────────┐
**TO:**        ~~Robert Richmond~~          │ FOR OFFICIAL USE ONLY     │
               ~~DB-7052 RHU A17~~          │      **70616**            │
                                            │   GRIEVANCE NUMBER        │
               *Mr Barr*                    └─────────────────────────────────┘

**FROM:**      Mr. Barr
               **Facility Grievance Coordinator**

The attached grievance is being returned to you because you have failed to comply with the provision(s) of DC-ADM 804, Inmate Grievance System:

1. _____        Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator.

                a.    DC-ADM 801 – Inmate Disciplinary and Restricted Housing Unit Procedures
                b.    DC-ADM 802 – Administrative Custody Procedures
                c.    other policies not applicable to DC-ADM 804

2. _____        Block B must be completed, as per the Instruction #3 of the Official Inmate Grievance Form.

3. _____        The grievance does not indicate that you were personally affected by a Department or facility action or policy.

4. _____        Group grievances are prohibited.

5. _____        The grievance was not signed and/or dated.

6. _____        Grievances must be legible and presented in a courteous manner.

7. _____        The grievance exceeded the two (2) page limit.  Description needs to be brief.

8. _____        Grievances based upon different events shall be presented separately.

9. _____        The grievance was not submitted within fifteen (15) working days after the events upon which claims are based.

10. _____       You are currently under grievance restriction.  You may not file any grievances until _____.
                                                                                                    Date

11. _____       Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility.

12. __X__       <u>**The issue(s) presented on the attached grievance has been reviewed and addressed previously.**</u>

cc:    Lt. Morrow
       DC-15
       File (70616)

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY

70616

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Bill Barr | SCI Albion | Dec. 22, 2003 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: |
|---|---|
| Robert Richmond DB-7852 | |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| Temp. Trans. Court | RHU H/A - 17 |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

I AM Alleging 1st Amend U.S. Constitution Right & Access to the Courts Are being Violated by officials At SCI- Albion IN Retaliation for Civil Action No. 99-192 E. Defendant, G. Wilkes is a party to the pending lawsuit And I AM deliberately denied Access to the mini law library in spite of NUMEROUS AC-135A Request(s). Further per Deputy Supt. Wilkes I have been denied to make a telephone Call as of 12-18-03 without cause.

**B.** List actions taken and staff you have contacted, before submitting this grievance.

NUMEROUS Requests to Staff AC-135 including: Lt. Ransom; Lt Morrow; Supt. Wolfe; Major of Guards; IN over 30 days I've been permitted one (1) Visit to mini law library? I've Also Contacted Court. Judge S. McLaughlin.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____        _____
Signature of Facility Grievance Coordinator                              Date

**WHITE** - Facility Grievance Coordinator Copy   **CANARY** - File Copy   **PINK** - Action Return Copy   **GOLDENROD** - Inmate Copy
Revised
December 2000

A-17

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

*RHU Lieut. (A.M.)*

1.  To: (Name and Title of Officer)
    *Lt. Ransom or Lt Morrow*

3.  By: (Print Inmate Name and Number)
    *R. Richmond DB-7852*
    Inmate Signature

6.  Work Assignment

Commonwealth of Pennsylvania
Department of Corrections

**INSTRUCTIONS**

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

2.  Date: *Dec. 22, 2003*

4.  Counselor's Name

5.  Unit Manager's Name

7.  Housing Assignment
    *H/A - 17*

8.  Subject: State your request completely but briefly. Give details.

*Sir, I am requesting to use mini law library in the next available timeslot. Since my arrival Nov. 18, 2003 I have only been allowed to use the library one (1) time despite numerous requests? This is my 10th Request and I am alleging retaliation & 1st Amend Access to Court Violation.  cc: file/court/Deputy Wilkes*

9.  Response: (This Section for Staff Response Only)

*Scheduled*

To DC-14 CAR only ☐            To DC-14 CAR and DC-15 IRS ☐

Staff Member Name  *S. SCALISE 1*
                    Print                    Sign            Date *12-23-03*

Revised July 2000

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

*RHU Lieut.'s*

INSTRUCTIONS
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| 1. To: (Name and Title of Officer) *Lt. Morrow; Ransom etc.* | 2. Date: *12-28-03* |
|---|---|
| 3. By: (Print Inmate Name and Number) *Robert Richmond DB-7852* ___Inmate Signature___ | 4. Counselor's Name |
| | 5. Unit Manager's Name |
| 6. Work Assignment *Temp. Transfer* | 7. Housing Assignment *RHU H/A - 17* |

8. Subject: State your request completely but briefly. Give details.

*Sir, I am requesting to use mini law library. This is my 11th request since my arrival. I have only been sched. one (1) time since Nov 18, 2003. This occurred on Dec. 17, 2003? My most recent request was on Dec 22, 2003, Sgt Scalise responded 12/23/03 saying I'd be sched. Yet I have not rcvd access?*

*cc: File/Dist. Court/Supt. Wolfe*

9. Response: (This Section for Staff Response Only)

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____   Date _____

Print                                    Sign

Revised July 2000

**RECEIVED**

MAY 19 2004

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVA .

Christopher Kaminski
DT-8055
S.C.I. Somerset
1600 Walters Mill Rd.
Somerset, Pa. 15510

Erie Clerk's Office
P.O. Box 1820
Erie, Pa. 16507

May 16, 2004

Dear Sir/Madam

Sorry to bother you. But I just received your address a couple of days ago. And I understand this is the Clerks Office where Mr. Richardson filed his lawsuit against S.C.I. Greene, So I am sending you a copy of the complaint that I filed about the abuse I received at S.C.I. Albion when I was transfer to Albion on a subpoena to appear in Federal Court to testify for inmate Richardson on Monday, December 15, 2003. S.C.I. Albion denied me of my rights to appear in your court because after the Assault they transfer me back to S.C.I. Somerset on December 11, 2003. I like to see some Justice

Thank you for your time and hope to receive a reply from your office

copy filed

Christopher Kaminski

Christopher Kaminski
DT-8055
S.C.I.-Somerset
1600 Walters Mill Rd.
Somerset, Pa. 15510

Erie Clerk's Office
P.O. Box 1820                                    May 16, 2003
Erie Pa. 16507

Dear Sir/Madam

I'm sending this complaint to your office because I feel that the U.S. Marshals is responsible for the abuse that I received at S.C.I. Albion. I was transfer from S.C.I.-Somerset to Albion on December 9, 2003 by a subpoena to appear in Federal Court to testify for a inmate by the name of Richardson on Monday, December 15, 2003. I never made my court appearance because after the abuse on December 10, 2003 I was transfer back to S.C.I.-Somerset around 5:00 A.m. Thursday morning December 11, 2003. The Secretary of Corrections, Mr. Beard, and S.C.I.-Somerset and S.C.I.-Albion all refused to do a thing about the abuse and they refused to answer my complaint that was filed at S.C.I.-Somerset on December 11, 2003 for Harassment, Cruelty and Unusual Punishment, Assault and Tampering with a witness.

On December 9, 2003 I was transfer from S.C.I. Somerset to S.C.I. Albion because I was subpoena to appear in Federal Court. On December 10, 2003 during the 0600 hour count I ask the sergeant if he can turn on the water and pressure in the cell so I could clean up, the sergeant told me there isn't anything wrong with your water that's all the

water pressure you get in this R.H.U.. After breakfast when the inmate worker was picking up the trays with a guard the inmate worker told me to take apart your Flex Pen and put the Hollow Tube down in the hole then you can drink some water when you need some water. Then a male nurse with a guard escort came on the Block to pass out the morning medication And when the nurse came by my cell I ask the nurse for my medication and the nurse said he doesn't have any meds on the cart for you. Then the guard said to the nurse that ass hole just came from another institution last nigh. Then the nurse said if your meds isn't on this cart then your institution didn't send your fucken meds with you. I said to the nurse last nigh down at intake the receiving room a male nurse called me in a room and had all my medication and gave me my four pill line medication to take with water. Then the guard said didn't you hear the nurse ass hole you don't have any meds on his cart so shut your fucken mouth you fucken ass hole. I said to the guard why are you disrespecting me like that and he said your a fucken ass hole thats why. Then I looked over at the block door way and a lieutenant was standing at the door. I yelled for the lieutenant but he just looked into the block but didn't came in so to get the lieutenant attention I kicked the cell door two times. This time the lieutenant came to my cell and before I could say anything this Lt. Morrow said you kicked my door and now you don't eat on my shift then he walked off the block. Then a couple minutes later the guard that was with the nurse this morning with two other guards came to my cell and said guest what ass hole I just went thru your record and your in jail for raping that little boy you fucken ass hole and your so tough fucking with little boys. The guards tryed to get the whole block to turn against me. I said to all three guards cant the three of you come up with

A Better line that line is about 20 years old and I had to laugh. They stayed on the block for a couple more minutes disrespecting me and calling my family names, Then came lunch and the guined and inmate worker just walked pass my cell refusing to give me my lunch tray and I am a diabetic. Then about a half hour or so after they picked up the trays the same three (3) guards came back to my cell and told me to put on my jumpsuit the doctor wants to see you. After getting handcuff behind my back then they open my cell door and a guard on each side of me grabs the back of my jumpsuit and started to force pushing me off the block and the one guard was saying your not so tough now are you ass hole, the whole block was watching everything that was going on. And when I got off the block to the right was Lt. Morrow with three more guards with a nurse standing by a room watching. I went into the next room and a physician assistant said I have to get his weight then tells me to sit on the examination table then tells me to breathe in and out slow then he tells me he has to reorder my medication. Then one guard got on the phone and pushed a couple of numbers then puts the phone to my ear but I didn't understand everything the person was saying. Because the one guard was saying in my left ear did you enjoy raping that little boy mother fucker youre going to get everything that's coming to you ass hole,

Now I am leaving the room with all three guards and the other guards and Lt. Morrow where watching everything and when I got to the block door, All three guards force pushed me into the door saying your not so fucken tough now ass hole, Then they pushed me through the door force pushing me to my cell. Once I got to the cell one guard open up the cell door all the way then the other two

guards Force Pushed me into the door and wall. Then they Force me Into the cell up against the table then force me down on the table and One guard started Forearming me in the back of my head and on the back of my neck and the other one was forearming me in my back while the other guard was holding the rope to the handcuffs that was on behind my back. Then the one guard said take the fucken cuffs off this mother fucker and lets see how fucken tough he is now. Now two guards are holding me down on the table while the other guard was removing the cuffs, then the guard said get off of him and lets see how fucken tough you are now asshole. When I turned to the left on the table one guard had a cell key in his hand up in the air and when I turned a little more he came down with his hand and the Key got me in the palm of my hand. Then I got up from the table and said I'm not nuts and your not worth the time then one guard tryed to punch me then threw a kick hitting me in the private. Then the two other guards grabed the guard and left my cell closing my cell door. The whole A-pod in the R.H.U at S.C.I. Albion seen and heard everything that went on in my cell when the three guards jumped me using force for no reason whatsoever. (I am not a baby raper). All that time Lt. Morrow was watching everything that happen when the guards jumped me. The two inmates above me in 19 and 20 cell both called this Lt. Morrow up to there cell and told Lt. Morrow the one guard that was with the morning nurse started the whole thing this morning. Then a couple of minutes later Lt. Morrow with the three guards that jumped me started to disrespect me and harass me and even the guard working the bubble was disrespecting me and my family on the intercom for the rest of the 6 to 2 shift. When the 2 to 10 shift came on I ask to see a Captain it was a emergency. They all refused to call a Captain and

page 5

I even risk to see medical to file a medical report on the Assault I received from the morning guards and they even refused to call medical for me. Then the Chaplain came on the Block and I told him everything that happen then I ask if he can get a Captain to come to the R.H.U. to see me about the Assault. No one ever showed up at my cell. Then the Four pill line male Nurse came on the Block and I had no trouble receiving my medication. Then I ask if I can see some one from medical to file a medical report on the Assault I received on the morning 6 to 2 shift. The male nurse said the only thing I can do is give you a sick call request slip and write down everything that happen to you this morning. After writing out my statement on a sick call request I handed it right back to the nurse. Then the nurse gave me some medication ointment for the cuts on the palm of my hand with some bandages for my palm and finger.

Thursday, December 11, 2004 Around 4:30 A.M. a 10 to 6 guard came to my cell to get me up and said get ready your going for a ride. When the guard left the block I yelled up to 17 cell to inmate Richardson to ask if the guard got him up for court. Richardson yelled back saying his court isn't until Monday. Richardson is the inmate that I was being a witness for in Federal Court. Then Richardson told me he sent a letter to the Judge in Federal Court to let the Judge know about the Assault I received from the 6 to 2 morning guards.

Then about 20 minutes later Lt. Morrow with one of the guards that Assaulted me with two other guards came to my cell handcuff me And open up my cell door and the one guard started to threaten me all the way to the strip search room where the video camera was, and a guard got on the intercom and ask if they wanted the

Camera off and the guard that Assaulted me said leave it off. The Sergent that was transfering me Back to S.C.I.-Somerset walked in the Room And said leave the camera on and told the guard to leave the room. This Lt. Morrow refused to feed me my Breakfast before getting transfer Back to Somerset that morning on December 11, 2003. Then the guards refused to feed me my lunch the guards received Four (4) Bag lunchs when there was only three guards in the van that was transfering me Back to Somerset.

Everything that was said in this complaint is True and I would pay to have one of them test taken to prove that everything that happen to me up S.C.I. Albion is True. I would like to see some Justice and I want to file charges Against Lt. Morrow and the three guards that Assaulted me on Wednesday morning December 10, 2003 at S.C.I-Albion, for Harassment, Cruelty and Unusual Punishment, Assault and for Tampering with a Witness.

Thank you for your time and will be waiting for your reply.

Christopher Kammuli

copies filed
S.C.I. Somerset Security Office and was forwarded to S.C.I. Albion, 12/11/03
Department of Corrections, Secretary, Jeffery Beard, 12/18/03
Staff Assistant, Mr. Ray Lawler, Camp H. 11, 3/30/04
U.S. Federal Marshals, Pittsburgh Office, 3/31/04
U.S. Federal Circuit Court, Erie, Pa., 4/19/04
Federal Clerk of Courts, Pittsburgh Office, 4/19/04
Myself and Family 12/11/03

All the above addresses are refusing to answer my complaint, as of today May 16, 2004



**PENNSYLVANIA DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PENNSYLVANIA 17001-0598**
**(717) 975-4859**

March 25, 2004

Mr. Christopher Kaminski, DT-8055
SCI-Somerset
1600 Walters Mill Road
Somerset, PA 15510

Dear Mr. Kaminski,

Your letter dated March 15, 2004 to Secretary Beard has been forwarded to my office for a response. Your letter refers to a five-page complaint that you sent the Secretary about alleged harassment at SCI-Albion.

Our records indicate that your last correspondence to this office was in 2000. I do not have any record of your referred correspondence.

Sincerely,

Ray Lawler
Staff Assistant

cc: Deputy Secretary Kenneth Kyler
    Superintendent Sobina
    Central File
    Corr. #:  2004-C15-000000002
    File

'Our mission is to protect the public by confining persons committed to our custody in safe, secure facilities, and to provide the opportunities for inmates to acquire the skills and values necessary to become productive law-abiding citizens; while protecting the rights of crime victims."

*Sent Mr. Ray Lawler a copy of the complaint that Mr. Beard said he never received in on December, 2003, on March 30, 2004    Staff Assistant Mr. Ray Lawler*

Honorable Sean J. McLaughlin           *Attachment 4 of 7*
United States District Judge
In re. Richmond vs. Price, et.al,. No. 99-192 Erie


Dear Judge McLaughlin:


On October 21, 2003, the above captioned case was reopened. It has occurred to me after a brief appearance before your Honor on November 25, 2003, with respect to the above captioned case that a brief summary of the proceedings that have transpired in my case would be helpful to assist you in preparation for the anticipated pretrial conference and scheduling for jury trial.

On November 18, 2003, I was transferred to SCI-Albion to attend a pretrial conference which occurred on November 25, 2003. Jury selection was scheduled for December 15, 2003. During my stay at SCI-Albion from 11/18/03, through 12/30/03, I was repeatedly and overtly retaliated against by corrections officials at SCI-Albion. I have reason to believe the retaliations were directly related to the fact that (defendant) Wilkes is employed at SCI-Albion, and also that his wife is the Deputy Superintendent at that facility.

The retaliations ranged from being denied access to the law library, to not being permitted to use the legal research computers, to being forbidden to confer with my witnesses who were subpoenaed to testify on my behalf and transported to SCI-Albion for that sole purpose.

In addition to the above, one of my witnesses, (Mr. Christopher Kaminski), was denied medical treatment (he is a diabetic) and I personally witnessed him being assaulted by several corrections officers who unlawfully opened and entered his cell and physically beat him for

several minutes.  He is willing to provide sworn testimony concerning
the harrassment and retaliations he was subjected to at my upcoming
trial if necessary.  He was then escorted from the housing unit, and I
did not see him again.   Further, instead of transferring the other
witness I requested i.e.(Dennis McKethan), who was present at the time I
was assaulted on Feb. 28, 1999, another individual with a similar name
who was not even assigned to SCI-Crssie on the day of the incident was
subpoenaed and transferred to SCI-Albion to allegedly testify on my
behalf.   These actions demonstrate a personal prejudice and malice
against me due to the pending case against the defendants and it evinces
a willingness on behalf of the parties through any means necessary to
dissuade me from proceeding with the lawsuit, and may constitute the
obstruction of justice.  It is impossible the subpoena was prepared and
executed for the wrong person inadvertently, without the direct
knowledge of defense counsel.  I was informed the corrections officials
were also told specifically that I was not to be permitted to confer with
my witnesses in preparation for trial while being housed at SCI-Albion.


    Truthfully, your Honor, I am unable to properly authenticate and/or
present the evidence, including medical evidence that may be proffered
which would demonstrate I have sustained neurological damage to my right
hand as a result of the assault against me.  I cannot in any legal
context properly stipulate facts to simplify the case, take depositions
of the defendants, cross-examine proposed defense witnesses with any
legal dexterity or even discuss my case beforehand with my witnesses.  I
was literally told several times by corrections officials that I would
be better served to simply drop the lawsuit.  My stay at SCI-Albion was
nothing short of intimidation and duress.  I have no legal training
whatsoever, nor do I have experience in litigation and/or the
complexities of conducting a trial.   In sum, simplicity in the
allegation supporting the claim does not translate into simplicity in
the presentation of the claim before a jury.  These factors all weigh
heavily in regards to the appointment of counsel on my behalf.


    Also, in the interest of expense reduction and case resolution
before trial, it would be in the best interest of all parties concerned

that I be appointed counsel to represent me so to be able to discuss possible settlement of the case.

I am therefore, respectfully requesting that you provide me with a copy of the transcripts of November 25, 2003, in which you granted my oral motion in limine. I also request you to reconsider the appointment of counsel to represent me in these matters.

Sincerely,

Robert Richmond     DL-5655 D-1
PO BO Box 19
Greensburg, Pa. 15601

cc: All Defense Counsel
    file

### DECLARATION

I, Robert Richmond do hereby certify that the within is true and correct based on personal knowledge and that I am willing to testify to same subject to the penalty of perjury in accordance with 28 U.S.C § 1746.

### PROOF OF SERVICE

I, Robert Richmond hereby state that I have served a copy of the within to the following person(s) and in the manner indicated. First class, U.S. mail, postage prepaid (institutional) to:

Honorable Sean J. McLaughlin
U.S. District Judge
U.S. Courthouse Room A250
17 South Park Row
Erie, Pa. 16501

Office of the Attorney General
Attn: Craig E. Maravich/Kelsey Toohig Esq.
564 Forbes Avenue
6th Floor Manor Complex
Pittsburgh, Pa. 15219

Date:  November 1, 2005          By    Robert Richmond

*Please Return*

*JAN. 18, 2006*

*Attachment 5 of 7*

TELECONFERENCE RE. 99-192F                    1/17/06  9:30 A.M.

ATTENDEES:   Hon. Judge Sean McLaughlin, Craig Maravich Esq., Robert Richmond

The teleconference began with Judge McLaughlin regarding the case and scheduling for trial in or around the February 21st timeframe.   Mr. Maravich stated that he is sched. for vacation and therefore that date would be inappropriate for him.   Judge M., stated he is willing to compromise.   However, the case has already been sched. for trial on 11/30/05, to commence on **March 13, 2006.**   Therefore, after checking with his clerk the Judge stated that we will continue to proceed with the March 13, 2006 date.   Briefly, the Judge questioned plntf regarding which witnesses he will present at trial that have actually witnessed the incident of Feb. 28, 1999.   I stated the witnesses to be called at trial including, Inmate Dennis McKethan, Inmate Terrell, Inmate Christopher Kaminski, Inmate Bradley, Capt. Roach.   Defense counsel stated that he intends to call the three (3) defendants, a Nurse (to decipher medical records) and perhaps one (1) other person (unidentifed).   Counsel also wishes to introduce the Misconduct Report issued to plntf as a result of the incident.   This piece of evidence must be strongly challenged at trial, as it is in whole or part, erroneous and invalid insofar as it contains allegations and conclusions which **did not take place.**

The Judge stated that the trial will be in two parts.   Part 1 consisting of establishing whether **any or all** of the defendants used excessive force upon plaintiff.   Part 2 consisting of damages **if any or all of the defendants** are found liable for excessive force under the Eighth Amendment.   Upon inquiry concerning the local rules concerning an independant medical exam, the Court refused to permit me to obtain an exam under this rule.   See Local Rules of the Western District Rule 35.1.

The Court stated that it will be an issue of credibility, and that I will only have to **tell my story** and submit the proposed documents and/or reports concerning my injuries into evidence and damages sustained.   When the Court inquired re. the extent of my injuries, and I explained the

nature of my permanent damages (neurological) and the consistent pain I experience.  Counsel for defendants stated that it is his understanding that I am receiving injections in **my back.**  I corrected counsel insofar as I am receiving specialized care and nerve block injections in my hand/wrists to assist in pain management.  That in addition, I am under treatment for paresis, and carpal tunnel syndrome, and that I am taking prescription pain medication three (3) times per. day.

Also, I will have to obtain copies of my medical file to enter as evidence during trial which will substantiate these facts as well as medical reports in my possession from Neurospecialist Dr. Kamal Rastogi, from Greensburg Neurological Institute of Western Pa., who has administered the nerve block injections on several ocassions.  I am also presently scheduled to receive additional nerve block injections upon approval and finalization of the necessary prison documentation.


Upon inquiry as to the Stipulation of Facts submitted by plaintiff.  The Court stated that the defendants are not bound by any stipulations as they did not agree on any stipulated facts.  However, it is established that stipulations are to be treated as admissions under the Fed. Rules of Civil Procedure, insofar as if they are not contradicted those facts are deemed to be admitted by law.  See 935 F.2d 1090 (10th Cir. 1991), However, rather than to streamline the case and/or admonish counsel for his failure to contradict plaintiff's proposed stipulations, the Court steadfastly is biased towards me as a pro se litigant.

Lastly, the Court stated that defense counsel may choose to submit any additional voir dire questions and/or points for jury charge at his convenience.  Further noting that the factual issues of the case are very narrow.  In closing, the Court stated that since defense counsel has refused to offer a counter settlement offer the case would proceed to trial as scheduled.  I inquired as to why counsel has refused to at least contact me concerning this, and counsel stated that in his estimation my offer of 10 thousand dollars per defendant was **too high,** and that he was considering an offer of only several hundred dollars.  I flatly refused his offer and indicated to counsel that I am at present seeking to obtain counsel to represent me.  He concluded by saying that was his offer, and our discussion ended.

_Plaintiff_

*Attachment 6 of 7*

February 4, 2006

To:  Nicole M. Kierzek, Deputy Clerk

Subject:  Your Correspondence dated Jan. 31, 2006

In Re:  Civil Action No. 99-192 Erie

Dear Ms. Kierzek:


I am in receipt of your correspondence regarding writs which have been issued for two of the witnesses I requested to be present for my upcoming trial which is scheduled to begin on March 13, 2006, before the Honorable Sean J. McLaughlin.

However, I **did not request** to have John Dijulio to provide testimony in my case, nor do I even know who he is and/or if he was present at SCI-Greene on the day of the incident in question ? I did request that Inmate Bradley, (first name unknown) to testify on my behalf, as well as Captain Roach, who is a corrections officer at SCI-Greene.  Unfortunately, defendants counsel **have failed to provide** a list of all inmates who were assigned to **FD-Pod** on February 28, 1999, **as requested.**  This severely hinders me from being able to provide a complete list of the witnesses who actually witnessed the assault by corrections officers against me.

Furthermore, I requested Mr. Maravich, who is counsel for the defendants to provide to me the name of the person authorized to offer settlement in the case ?  He has refused to provide same. Counsel had also refused to provide insurance coverage and policy data for each of the three (3) defendants ?

Your assistance in this regard is appreciated.  I am in the process of preparing voir dire questions, as well as information that I wish to include in the jury charge/stipulations to be presented.

Lastly, as I have voiced my concerns earlier at the status

conference dated November 30, 2005.  I want to again mention that defendant Wilkes (wife) is the Deputy Superintendent at SCI-Albion.    During  my  previous  transfer  to  that  facility  in preparation for trial which was initially scheduled for December 2003, I was denied by prison officials the opportunity to **even confer with my witnesses, or to utilize the prison law library. Furthermore,  one  of  my  proposed  witnesses  was  threatened  and subsequently assaulted during our stay at SCI-Albion.**

Therefore, I am respectfully requesting that arrangements be made  in  advance  to  insure  that  I  am  not  transferred  to  that particular facility prior to trial.    In the alternative, I will submit a Temporary Restraining Order from the Court as I am **in fear for my life and safety** if transferred to SCI-Albion, **based on previous retaliations as mentioned above.**

Thank you for your time and cooperation, and I look forward to your written response from Judge McLaughlin.

Very truly yours,

Robert Richmond
Plaintiff, Pro se

cc: file
       Craig Maravich

*Attachment 7 of 7*

FORM DC-141    PART I

☒ MISCONDUCT REPORT ☐ OTHER    **DEPARTMENT OF CORRECTIONS**

**A** 149874

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| DB-7852 | RICHMOND, ROBERT | GRN | 1550 | 2-28-99 | 2-28-99 |

| Quarters | Place of Incident |
|---|---|
| FD-15 | F-BLK D-POD CELL #15 |

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| OFCR | McELRAVY | | | | | | |
| OFCR | BEDILION | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** *Class I Cat. A #1A-Assault-Including any Aggressive physical contact with a potential for Injury towards an Employee *Class I Cat A #7-Refusing To Obey An Order

**STAFF MEMBER'S VERSION** ON THE ABOVE DATE AND TIME WHILE FEEDING FD-POD Inmate RICHMOND DB-7852 WHO IS HOUSED IN FD-15 WAS GIVEN A DIRECT ORDER TO REMOVE HIS RIGHT ARM AND HAND FROM OUTSIDE HIS WICKET. HE REFUSED THIS ORDER. AT THAT TIME I/M RICHMOND THREW HIS TRAY LID AND CUP FILLED WITH JUICE AT OFCR McELRAVY AND MYSELF IN AN ATTEMPT TO STRIKE US. AS I ATTEMPTED TO CLOSE THE WICKET I/M RICHMOND PUT BOTH HIS ARMS AND HANDS THROUGH THE WICKET AND GRABBED MY FOREARMS. AT THAT TIME OFCR McELRAVY GAVE I/M RICHMOND A DIRECT ORDER TO LET ME GO. HE REFUSED THIS ORDER. TO PREVENT ME FROM INJURY OFCR McELRAVY USED AN CONTROLLING TECHNIQUE IN AN ATTEMPT TO RELEASE I/M RICHMONDS LEFT HAND FROM MY RIGHT FOREARM. AT THAT TIME OFCR BEDILION RESPONDED TO THE INCIDENT. OFCR BEDILION USED A CONTROLLING CON

**IMMEDIATE ACTION TAKEN AND REASON**

**PRE-HEARING CONFINEMENT**    SEE PART II

| | IF YES | |
|---|---|---|
| | TIME | DATE |
| ☐ YES | | |
| ☒ NO | | |

FORMS GIVEN TO INMATE
☒ REQUEST FOR WITNESSES AND REPRESENTATION    ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| D. Wilkes c/o Wilkes | R.C. Po——— Co2 | DATE / TIME 24 HOUR BASE |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | Misconduct Category | Signature of Person Serving Notice |
|---|---|---|---|
| DATE / TIME | | ☒ CLASS 1 ☐ CLASS 2 | |
| 2-25-99 / 2100 | | | |

### NOTICE TO INMATE

You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

WHITE —DC-15    YELLOW—Inmate Cited    PINK—Staff Member Reporting Misconduct    GOLDENROD—Deputy Superintendents

FORM DC-141    PART I    COMMONWEALTH OF PENNSYLVANIA
Rev 6-84

**A 149874**

☐ MISCONDUCT REPORT ☐ OTHER    DEPARTMENT OF CORRECTIONS

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| 9-7852 | RICHMOND, ROBERT | GRN | 1550 | 2-28-99 | 2-28-99 |
| Quarters | Place of Incident | | | | |

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

`` CONTINUED ''

STAFF MEMBER'S VERSION  TECHNIQUE ON HIS RIGHT HAND IN AN ATTEMPT TO RELEASE HIS RIGHT HAND FROM MY LEFT FORE ARM. AFTER THE CONTROLLING TECHNIQUES WERE SUCCESSFUL I/M RICHMOND STILL REFUSED TO PULL HIS HANDS AND ARMS BACK INTO HIS CELL. I THEN APPLIED PRESSURE TO THE WICKET IN AN ATTEMPT TO GET I/M RICHMOND TO RETRIEVE HIS HANDS AND ARMS BACK INTO HIS CELL. I WAS SUCCESSFUL AT THIS TIME. AFTER I/M RICHMOND PULLED HIS HANDS AND ARMS THROUGH THE WICKET OFCR BEDLION SECURED THE WICKET.

**IMMEDIATE ACTION TAKEN AND REASON**  INVESTIGATED - "RESTRICT MOVEMENT" FOR INCREASED CONTROL until seen by the ME. PLACE ON ALTERED DIET. INMATE INFORMED.

**PRE-HEARING CONFINEMENT**

| | IF YES | | |
|---|---|---|---|
| | TIME | DATE | |
| ☐ YES | | | |
| ☑ NO | | | |

FORMS GIVEN TO INMATE
☑ REQUEST FOR WITNESSES AND REPRESENTATION    ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| D. Wilkes CO1 Wilkes | RC Rom Lt | DATE | TIME 24 HOUR BASE |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | Misconduct Category | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | ☑ CLASS 1  ☐ CLASS 2 | |
| 2-29-99 | 2100 | | |

### NOTICE TO INMATE

You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

WHITE —DC-15       YELLOW—Inmate Cited       PINK—Staff Member Reporting Misconduct       GOLDENROD—Deputy Superintendents