Hon. Sean J. McLaughlin
U.S. District Judge

Attachment 4 of 7

In re. Richmond v. Wilkes, et. al.
No. 99-192 Erie

Dear Judge McLaughlin:

On October 21, 2005, the above captioned case was reopened. It has occurred to me after a brief appearance before your Honor on November 25, 2003, with respect to the above captioned case that a brief summary of the proceedings that have transpired in my case would be helpful to assist you in preparation for the anticipated pretrial conference and scheduling for jury trial.

On Nov. 19, 2003, I was transferred to SCI-Albion to attend a pretrial conference which occurred on Nov. 25, 2003. Jury selection was scheduled for Dec. 15, 2003. During my stay at SCI-Albion from Nov. 19, 2003 thru Dec. 30, 2003, I was repeatedly and overtly retaliated against by corrections officials at SCI-Albion. I have reason to believe the retaliations were directly related to the fact that (defendant) Wilkes

is employed at SCI-Albion, and also that his wife is the Deputy Superintendent at that facility.

The retaliations ranged from being denied access to the law library, to not being permitted to use the legal research computers, to being forbidden to confer with my witnesses who were subpoenaed to testify on my behalf and transported to SCI-Albion for that sole purpose.

In addition to the above, one of my witnesses, (Mr. Christopher Kaminski), was denied medical treatment (he is a diabetic) and I personally witnessed him being assaulted by several corrections officers who unlawfully opened and entered his cell and physically beat him for several minutes. He is willing to provide sworn testimony concerning the harassment and retaliations he was subjected to at my upcoming trial if necessary. He was then escorted from the housing unit, and I did not see him again.

Further, instead of transferring the other witness I requested i.e. (Dennis McKethan), who was present at the time I was assaulted on Feb. 28, 1999. Another individual with a similar name who was not even assigned to SCI-Greene on the day of the incident was subpoenaed and transferred to SCI-Albion to allegedly testify on my behalf. These actions demonstrate a personal prejudice and malice against me due to the pending case against the defendants and it evinces a willingness on behalf of the parties through any means necessary to dissuade me from proceeding with the lawsuit, and may constitute the obstruction of Justice.

It is impossible the subpoena was prepared and executed for the wrong person inadvertently, without the direct knowledge of defense counsel. I was informed the corrections officials were also told specifically that I was not to be permitted to confer with my witnesses in preparation for trial while being housed at SCI-Albion.

Truthfully, your Honor, I am unable to properly authenticate and/or present the evidence. Including medical evidence that may be proffered which would demonstrate I have sustained neurological damage to my right hand as a result of the assault against me. I cannot in any legal context properly stipulate facts to simplify the case, take depositions of the defendants, cross-examine proposed defense witnesses with any legal dexterity or even discuss my case beforehand with my witnesses. I was literally told several times by corrections officials that I would be better served to simply drop the lawsuit. My stay at SCI-Albion was nothing short of intimidation and duress. I have no legal training whatsoever, nor do I have experience in litigation and/or the complexities of conducting a trial. In sum, simplicity in the allegation supporting the claim does not translate into simplicity in the presentation of the claim before a jury. These factors all weigh heavily in regards to the appointment of counsel on my behalf.

Also, in the interest of expense reduction and case resolution before trial, it would be in the best interest of all parties concerned that I be appointed counsel to represent me and to be able to discuss possible settlement of the case.

I am therefore, respectfully requesting that you provide me with a copy of the transcripts of Nov. 25, 2003, in which you granted my oral motion In Limine. I also request you to reconsider the appointment of counsel to represent me in these matters.

Sincerely,

cc: All defense counsel
    Clerk
    File

### Declaration
### Proof of Service

I do hereby certify the within is true and correct subject to the penalty of perjury 28 U.S.C. § 1746, and that I have served a copy to the following persons in the manner indicated.*

\* First Class U.S. mail postage prepaid (institutional)
Facsimile Addressed to

Clerk's Office
U.S. District Court
Western District Erie Division
Fax Number  814-464-9617

Office of the Attorney General
Attn: Craig E. Maravich, Esq.
Fax Number   412-565-3019


Dated   March 31, 2006   By _____
                              Plaintiff, Pro se


In Re. Correspondence Memo dated Mar. 29, 2006
       Received on Mar. 30, 2006

                                    Thank You