IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Robert Richmond                              :
    Plaintiff                              :   Civil Action
                                           :
vs.                                          :   No. 99-192 Erie
                                           :
                                           :
C.O. Wilkes; C.O. McElravy;                  :
  and C.O. Bedilion                          :
    Defendants                             :

## Plaintiff's Motion To Amend/Supplement
## Motion For New Trial

And now comes the Plaintiff, Pro se, and files the following in accordance with the District Court's Order dated May 17, 2006, and (Doc. No. 164) and states:

The plaintiff avers in his Motion for Judgement as a Matter of Law and Motion for New Trial, that the jury's verdict was clearly against the great weight of the evidence. Within his motion the petitioner alleges that he does meet the stanadard for requesting a new trial, contrary to defendants assertions. Plaintiff avers that he pointed directly to record evidence which would entitle him to a new trial, and that in addition, he proffered substantial errors which prejudiced him regarding the admission and/or exclusion of relevant evidence, as well as alleged errors in the court's charge to the jury.

He further contends that the jury's verdict resulted in a miscarriage of justice and that the verdict cries out and shocks the conscience. As pro se counsel, he avers that he was also prejudiced

by court's failure to notify him in advance that special interrogatories were submitted to the jury. He alleges that the error constitutes prejudice insofar that due to the error he was unable to make any objection of same prior to the submission to the jury.

Moreover, he alleges that due to his lack of prior litigation experience and legal training he was prejudiced by the propriety of defense counsel's statement, in which counselor Maravich repeatedly overemphasized the number of blows inflicted upon plaintiff during the excessive force incident. He avers that counsel's remarks are not oratorical flair as permitted, but fall outside the boundaries established by law.

Plaintiff alleges that a new trial should be granted because the interrogatories submitted to the jury inadvertently framed the issues to be resolved during jury deliberations. **See Cann v. Ford Motor Co., 658 F.2d 54 (2nd Cir. 1981)** In contrast to a Rule 50 ruling, when deciding a motion for new trial, the court is not required to consider the evidence in the light most favorable to the non-movant. Instead, the court may weigh conflicting evidence and decide whether a seriously erroneous result has been reached by the jury.

Once a trial court concludes that a verdict should be set aside for insufficient evidence it then has the option of granting a new trial, or granting judgement to the movant. **See Network Publications Inc., 959 F.2d 212.** Our Supreme Court holds that it permits the Judge to exercise a discretion to choose between the two alternatives if it believes that the defects may be remedied on a second trial, or if needed evidence was ruled out by some error of the court. **See Cone, 67 S. Ct. 752 (1947).** Regarding counsel's closing statement, a district court may order a new trial if improper closing argument irrepairably prejudices a jury verdict or if a jury fails to follow instructions. **See Carson, 689 F.2d 562; and Westbrook, 754 F.2d 1233(5th Cir. 1985)(Per Curiam).** He contends that a beating severe enough to require continuing medical treatment (7) years after the injury, including specialized consultation by a Neurosurgeon is

sufficient proof of a compensable injury.  **See Wheatley, 637 F.2d at 866.**  The jury's rejection of plaintiff's undisputed evidence including medical reports, and his witness' testimony is unsupportable.  See Atkins, 143 F.3d at 104.

Richmond alleges this is a case where the jury disregarded clear, objective, and literally uncontradicted evidence.  Plaintiff also avers that the court committed legal error by failing to give the jury an instruction on nominal damages.  Although Richmond agreed with the court to omit the instruction, he avers that the court abused its discretion by failing to give the instruction as required.  **See Briggs, 93 F.3d 355 (7th Cir. 1996).**  While Rule 59 does not detail the grounds on which a new trial may be granted, our courts have given general guidlines.  **See Corrigan, 234 F.Supp. 2d 494 (E.D.Pa. 2002).**  He contends that given the evidentiary proof of his actual injuries, coupled with the defense' limited argument, an instruction on nominal damages was warranted.  He avers that it was an error that was plain, that affected the plaintiff's substantial rights, and that undermined the fairness of the judicial proceedings.  **See Risdal, 209 F.3d 1071 (8th Cir. 2000).**

The record reveals that the defendants case in chief consisted of no real evidence save the misconduct report, which he alleges should not have been permitted to be entered into evidence due to its lack of trustworthiness and lack of reliability under the Federal Rules of Evidence Rule 803(6), and the holdings of **Lewis v. Velez, 149 F.R.D. at 486. and Palmer v. Hoffman, 63 S. Ct. 477, 480 (1943).**  Therefore, he avers that the verdict resulted in a miscariage of justice and cries out to be oveturned and shocks our conscience.  See Williamson, 926 F.2d 1344 (3rd Cir. 1991; Klein, 992 F.2d 1285 (3rd Cir. 1993).

Richmond submits that due to the posture of the case the court committed an error by refusing to appoint counsel to represent him.  **See Parham v. Johnson, 126 F.3d 454 (3rd Cir. 1997).**  When the legal issues are complex, it will probably serve everyone involved if counsel is appointed.  Although plaintiff was able to litigate the

case during discovery and pretrial, comprehension alone does not translate into presentation. He avers that during the course of the trial he was shackled (placed in leg irons) and that he did not even have the requisite knowledge to authenticate evidence and enter exhibits. Also, he contends that during the plaintiff's Motion in Liminie where he requested the misconduct report be excluded. He was unable to articulate the reasons substantiating his request. He also avers that he was unable to secure expert medical testimony or a vocational expert to apprise the jury of his injuries and the damages he would be entitled to receive, such as future medical expenses, lost wages, pain and suffering etc..

As a result of the issues raised in his initial motion coupled with the claims contained herein, he avers that representation was essential in this case.

**WHEREFORE**, based on the foregoing facts and law, the petitioner respectfully prays that the District Court Grant his Motion for a New Trial or enter Judgement in favor of the Plaintiff.

Respectfully submitted,

Robert Richmond, Plaintiff

## DECLARATION

I, Robert Richmond, Plaintiff, Pro se, do hereby certify that the within Motion To Amend/Motion For New Trial is true based on personal knowledge, information and belief subject to the penalties of perjury in accordance with 28 USC § 1746.

Date 5/30/06                By _____

## CERTIFICATE OF SERVICE

I, Robert Richmond, do hereby certify that the within was mailed to the person(s) and in the manner indicated.
First Class, U.S. mail, postage prepaid (Institutional) addressed to:

U.S. District Court
Attn. Clerk of Court
17 South Park Row
Erie, Pa. 16507

Office of the Atty. General
Attn. Craig Maravich
6th Floor Manor Complex
564 Forbes Ave.
Pittsburgh, Pa. 15219

Date 5/30/06                By _____

Robert Richmond
Plaintiff