IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| **ROBERT A. RICHMOND, SR** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| V. | ) | Civil Action No. 99-192E |
| | ) | |
| | ) | |
| **JAMES S. PRICE, et al.,** | ) | |
| | ) | |
| Defendant. | ) | |

BRIEF IN SUPPORT OF
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR NEW TRIAL

AND NOW, come the defendants, James Bedilion, Randy McElravy and Gregory Wilkes, by their attorneys, Thomas W. Corbett Jr., Attorney General, Craig E. Maravich, Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, and respectfully submit the following:

The decision of whether to grant or deny a request for a new trial resides in the discretion of the court which is "virtually unassailable on appeal." Children's Broadcasting Corp. v. Walt Disney, 357 F.3d 860, 867 (8th Cir. 2004). "The standard for obtaining relief under Rule 59(e) is difficult for plaintiffs to meet." Johnson v. Diamond State Port Corp., 50 Fed. Appx. 554, 559 (3d Cir. 2002). Under Rule 59, new jury trials may be granted only if the losing party can demonstrate that the verdict was against the weight of the evidence, the verdict was excessive or inadequate, newly discovered evidence exists, improper conduct by counsel or the court, or improper conduct affecting

the jury.  <u>Steven Baicher - McKee, et al.</u>, Federal Civil Rules Handbook, p. 952-953 (2006).

In this case, a jury returned a verdict in favor of defendants.  Thus, to justify a new trial, plaintiff must establish one or more of the aforementioned factors pursuant to Fed.R.Civ.P.Rule 59, which he cannot do.  See <u>Cipriani v. Lycoming County Housing Authority</u>, 177 F.Supp.2d 303 (M.D.Pa. 2001).  Plaintiff filed a fifteen page motion with attachments but lacking affidavits in support.  Fed.R.Civ.P.Rule 59(c). He also failed to order a trial transcript.  Plaintiff makes three arguments as identified in the motion as "Questions Presented for Review" on page 7, but those arguments are wholly conclusory, and lack any support in the trial record.  Most recently, plaintiff filed a motion to amend/supplement the motion for new trial in which he repeats his previous arguments and argues two new points.  Once again, he still fails to support this with affidavits and has yet to order the trial transcript.  The motion should be denied since plaintiff fails to meet his burden, and he is improperly attempting "to merely relitigate old matters." <u>Bedrock Stone and Stuff v. Manufacturers</u>, 2006 WL 890993, *5 (E.D.Pa. March 31, 2006).

      A.      **WAS THE JURY'S VERDICT AGAINST THE CLEAR WEIGHT OF THE EVIDENCE?**

Clearly, it was not!  In his motion, "Plaintiff avers the jury's verdict lacks factual support in the record and where the verdict returned by a jury is palpably and grossly inadequate or excessive it should not be permitted to stand."  However, he offers no support for such a conclusion.

The jury answered "no" to the question "did plaintiff prove his case by a preponderance of the evidence." It was plaintiff's burden to demonstrate that his Eighth Amendment right to be free from excessive force was violated. Plaintiff failed.

The issue depended as much on credibility as plaintiff suggests. (Motion, p.8). The jury did not believe the plaintiff and his version of events, but instead, believed the defendants. Each defendant was called as a witness and testified describing the events. Clearly, the jury believed that the plaintiff grabbed a defendant and the force used against the inmate-plaintiff in order to release his grip and get his hands back inside his cell was not excessive.

Further, it appears that plaintiff has failed to order a trial transcript. Although not the local rule in this court, some federal courts in this state require the party bringing the motion to order a trial transcript. See Schneider v. Fried, 320 F.3d 396, 401 (3d Cir. 2003)(discussing E.D. Pa. Loc.R.Civ.P. 7.1 (e)). The rule makes sense. It begs the question how can a party be complaining about what happened at the trial without intending on citing to the relevant record. See United States Gypsum v. Schiavo Bros., 668 F.2d 172, 180 (3d Cir. 1981)("the trial record must support whatever additional findings of fact or conclusions of law a party seeks under Rule 52(b) or it is certainly not entitled to them.").

Plaintiff has no intention to support his averments. Plaintiff simply makes bald assertions without support. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998)(bald assertions that there are genuine issues of material fact, unaccompanied by references to authority or record are insufficient to meet reversal). Hence, his motion must be denied on these grounds.

### B. DID THE COURT COMMIT A LEGAL ERROR BY IMPROPERLY PERMITTING AND/OR REJECTING EVIDENCE/ TESTIMONY AT TRIAL.

The Court did not! Once again, plaintiff fails to point to anything in the record or occurring at trial to support his claim. Instead, plaintiff turns to what he describes as "stipulations" he unilaterally filed pursuant to Local Rules of Court, Rule 7.2, of the U.S. District Court for the Western District of Pennsylvania on November 28, 2003 which he argues entitle him to summary judgment. First, the docket does not reflect that anything was filed on November 28, 2003. (See Docket).

Next, the Local Rule 7.2 does not stand for the notion that a stipulation is an admission. W.D.PA.L.R. Rule 7.2 reads:

> Counsel may file a stipulation once, without approval of the court, extending the due date for the filing of an answer, or motion, for a period not exceeding 45days from the due date.

The local Rule is designed to act as an agreed upon extension of time in order to file the pleading known as an Answer. It has nothing to do with requests for admissions[1]. Nor does plaintiff cite such a rule.

Additionally, plaintiff argues that this stipulation document entitled him to summary judgment on the issue of liability. (Motion, p.9). Ironically, this argument is

---

[1] The record does not reflect that plaintiff filed these Stipulations on November 28, 2003. (See Docket). Additionally, plaintiff fails to meet his burden for admissions. Gilbert v. General Motors Corp., 133 F.2d 997 (2d Cir. 1943), cert. denied, 319 U.S. 743 (1943). When plaintiff attempted to effectively deem these to be admissions at the status conference held on January 17, 2006 they were orally denied within the Court's discretion. Banks v. Office of the Senate Sergeant-at-Arms and Doorkeeper, 226 F.R.D. 113, 118 (D.D.C. 2005). Certainly, this Court did not abuse its discretion in how it handled plaintiff's stipulation filed under W.D.PA.L.R. Rule 7.2.

once again misplaced since plaintiff never filed a motion for summary judgment. (See Docket).

Next, plaintiff complains that misconduct report A149874 should not have been admitted into evidence since it is "inadmissible hearsay." (Motion, p.10). This is incorrect. The misconduct was issued by a defendant and authenticated on the stand. It is not hearsay since it was a prior written statement made by a declarant subject to cross examination. F.R.E. 801. Even if it were somehow determined to be hearsay, it falls into numerous exceptions. See F.R.E. 803 (1)(5)(6)(8). In his motion, plaintiff admits to using the exhibit and fails to proffer whether an objection is on the record by him.

Moving on, plaintiff complains about the alleged treatment a fellow prisoner, Christopher Kaminski, suffered outside the parameters of the trial in December, 2003. Even if these accusations are accepted as true for purposes of this motion, they do not warrant granting a new trial. Inmate Kaminski was called as a witness at trial. Clearly, the alleged conduct two years earlier did not deter him from testifying. In this same argument, plaintiff also avers that he could not confer with his witnesses or use the prison law library at his discretion. Plaintiff does admit to using the law library. The Court also allowed plaintiff to confer with his witnesses at the courthouse. Incidentally, defense counsel did not have the opportunity to confer with these inmate witnesses prior to or during the trial nor did he object to the court's allowance for plaintiff. This illustrates once again, that plaintiff fails to make any colorable argument or provide evidence which would meet the standard for a new trial.

### C.  PLAINTIFF AVERS THERE WERE OTHER ERRORS OF LAW DURING THE TRIAL THAT CONSTITUTE MORE THAN HARMLESS ERROR AND ENTITLE HIM TO RELIEF UNDER FEDERAL STATUTES.

There were not!  First, plaintiff avers "that the special interrogatories submitted to the jury inaccurately framed the issues to be resolved."  (Motion, p.13).  Once again, he fails to state whether he objected to this during the trial and he has not ordered a transcript.

In any event, plaintiff contends that there was a dispute as to "whether all (3) of the officers actively participated in the use of force."  (Motion, p.13).  That is true and is why the interrogatories were addressed to each individual defendant separately.  The interrogatories allowed the plaintiff to prove claims against one *or* all of the defendants.  The interrogatories did not restrict the jury to find against *only all* of the defendants in order to find for plaintiff.

The interrogatories were specific and clearly identified the burden of proof, the substantive nature of the claim and the actor accused.  In addition, the interrogatories allowed for compensatory and punitive damages.  Which leads us to plaintiff's next point, that the judge abused his discretion by not charging on nominal damages.  This argument is ridiculous.  Defendants would have welcomed such a charge. In essence, plaintiff would be admitting that he did not suffer any physical injury and was only seeking to vindicate an abstract constitutional right.  Plaintiff argues in his own motion to the contrary, when he avers that "the uncontradicted evidence at trial demonstrated that on February 28, 1999 (the day of the incident) the plaintiff was injured, and that his injuries are not de minimus."  (Motion p.8).  As an aside, it is an argument the jury has already answered in the negative, but it demonstrates that plaintiff was putting on a case

6

for actual damages and not for nominal damages. Clearly, the court did not abuse its discretion by failing to charge on nominal damages[2].

### D. Raised Only in the Motion to Amend, Plaintiff Challenges Defense Counsel's Closing Argument.

In this instance, plaintiff fails his burden. Plaintiff has a "heavy burden" to meet in order to request a new trial based on the opposition's closing argument. Doe by and Through G.S. v. Johnson, 52 F.3d 1448, 1466 (7th Cir. 1995). "[I]mproper comments during closing argument rarely rise to the level of reversible error." Valbert v. Pass, 866 F.2d 237m 241 (7th Cir. 1989). Certainly, defendants emphatically deny that any improper comments were made during the closing argument.

Plaintiff cites case law which is not dispositive of the issues. See plaintiff's motion citing Westbrook v. General Tire, 754 F.2d 1233 (5th Cir. 1985) and Carson v. Polley, 689 F.2d 2d 562 (5th Cir. 1982)(addresses "juror misconduct"). Furthermore, plaintiff argues that counsel "overemphasized the number of blows inflicted upon plaintiff during the excessive force incident. (Motion to Amend/Supplement, p.2). To the contrary, defendants submit they argued the facts and pointed out discrepancies in plaintiff's case. Godbee v. U.S., 2006 WL 717216* 5 (S.D. Ga. 2006)(pointing out discrepancies in closing argument is not unreasonable).

A court should grant a new trial sparingly out of "respect for the jury as an institution and []concern that the party who persuaded the jury should not be stripped unfairly of a favorable decision." Nissho-Iwai v. Occidental Crude Sales, 848 F.2d 613, 619 (5th Cir. 1988)(reversing order for new trial because of failure to object).

---

[2] In his motion to amend/supplement, plaintiff actually admits that [he] "Richmond agreed with the court to omit the instruction" on nominal damages. (Motion to Amend/Supplement, p. 3).

It is even more apropos that plaintiff point to the record in order to meet his heavy burden in this instance as set forth in one of his own case cites. See Westbrook v. General Tire, 754 F.2d 1233, 1238 (5th Cir. 1985)("When a closing argument is challenged for impropriety or error, the entire argument should be reviewed within the content of the court's rulings on objections, the jury charge, and any corrective measures applied by the trial court.").

Plaintiff fails to point to anything in the record and has no intention to do so since he has not ordered the trial transcript. It is not believed that he objected to the closing, hence, he has waived the issue. Contiere DiPortovenere Diesse v. Kerwin, 739 F.Supp. 231, 239 n.23 (E.D.Pa. 1996)(never raised issue before or objected, thus failed to preserve); Murray v. Fairbanks Morse, 610 F.2d 149, 152 (3d Cir. 1979)(failure to object precludes party from seeking new trial on the grounds of the impropriety of opposing counsel's closing remarks). Once again, defendants emphatically deny any improper statements or conduct occurred during the closing argument.

Ergo, plaintiff's motion for new trial should be denied since he has failed to reach his burden to request a new trial on the grounds of the opposition's closing argument.

### E. The District Court Did Not Abuse It's Discretion In Failing To Appoint Counsel.

"Indigent civil litigants posses neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchaly, 294 F.3d 492, 498 (3d Cir. 2002). In order to determine if the appointment of counsel is warranted, the District Court may perform a test with guidelines such as: (1) plaintiff's ability to present his own case; (2) complexity of the legal issue; (3) degree to which a factual investigation is needed; (4) credibility determinations; (5) expert witnesses; and (6) whether plaintiff can attain

and afford counsel. See <u>Parham v. Johnson</u>, 126 F.3d 454, 457 (3d Cir. 1997); <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993)(list not exhaustive).

Here, the District Court did not abuse its discretion. In this case, the Third Circuit has already agreed. See <u>Richmond v. Price</u>, et al., No. 01-1284, Opinion dated June 12, 2003, p.7n.1 (3d Cir. 2003)(not precedential)("We likewise find no abuse of discretion on the part of the District Court in denying Richmond's requests for the appointment of counsel. See <u>Tabron v. Grace</u>, 6 F.3d 147, 155n.4 (3d Cir. 1993).").

A quick analysis of the guidelines show the appointment of counsel was unnecessary. First, plaintiff had the ability to present his own case as demonstrated by his ability to file an abundance of pleadings and motions, file an appeal, prevail on appeal, and conduct a trial by calling witnesses, submitting evidence, testifying and cross-examining the defendants. Next, the complexity of the trial was quite simple – the Third Circuit remanded on one issue consisting of excessive force under the Eighth Amendment. Third, the need for a factual investigation was quite limited since the plaintiff and all three defendants at trial were present at the incident. Plaintiff demonstrated an aggregate ability at trial when he called additional inmate witnesses. Fourth, credibility was a determining factor for the jury and is the only factor which weighs in favor for appointment of counsel. This is not enough. Fifth, no expert witnesses were needed. Experts cost money and plaintiff does not argue that he had an expert or was willing to pay for an expert. Finally, although plaintiff must have filed an in forma pauperis request, he may still earn money while in prison and may be able to afford his own attorney or make arrangements on his own with an attorney. Plaintiff believes the burden rests on the court to find him counsel. See <u>Tabron v. Grace</u>, 6 F.3d

9

147, 157 n.7 (3d Cir. 1993)(we trust that district judges will be sensitive to such problems as time constraints and indignities that an inmate may subject appointed counsel to when making the discretionary decision to appoint counsel).

In conclusion, the district court, as the Third Circuit has already agreed with, did not abuse its discretion in failing to appoint counsel.

## CONCLUSION

In summary, plaintiff fails to meet the standard for requesting a new trial. Hence, his motion should be denied.

Respectfully submitted,

**Thomas W. Corbett, Jr.**
Attorney General

BY:   \_\_/s/ Craig E. Maravich_____
CRAIG E. MARAVICH
Deputy Attorney General
PA I.D. No. 86219

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219
(412) 565-2794

# CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2006, I electronically filed the foregoing *Defendant's Response to Plaintiff's Motion for New Trial* with the Clerk of Court using the CM/ECF system.  And I hereby certify that I have mailed the foregoing document by United States Postal Service to the following non CM/ECF participants:


**ROBERT A. RICHMOND**
DB-7852
SCI Greensburg
R.D. 10, Box 10
Greensburg, PA 15601


By:   /s/  Craig E. Maravich
CRAIG E. MARAVICH
Deputy Attorney General


Office of Attorney General
564 Forbes Avenue
Manor Complex
Pittsburgh, PA 15219